NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TNS MEDIA RESEARCH, LLC, dba Kantar Media Audiences, CAVENDISH SQUARE HOLDING B.V.,**
*Plaintiffs-Appellees*

**v.**

**TIVO RESEARCH AND ANALYTICS, INC.,**
*Defendant-Appellant*

---

2015-1252

---

Appeal from the United States District Court for the Southern District of New York in No. 1:11-cv-04039-SAS, Judge Shira Ann Scheindlin.

---

Decided: September 16, 2015

---

MICHAEL A. ALBERT, Wolf, Greenfield & Sacks, P.C., Boston, MA, for plaintiffs-appellees. Also represented by JOHN STRAND, ERIC J. RUTT, CHARLES T. STEENBURG.

PERRY M. GOLDBERG, Progress LLP, Los Angeles, CA, for defendant-appellant.

---

Before NEWMAN, CLEVENGER, and O'MALLEY, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

Tivo Research and Analytics, Inc. dba TRA, Inc. ("TRA") appeals from the final judgment of the United States District Court for the Southern District of New York awarding attorneys' fees to TNS Media Research, LLC dba Kantar Media Audiences and Cavendish Square Holding B.V. (collectively, "Kantar"). *TNS Media Research, LLC v. TiVo Research & Analytics, Inc.*, No. 11-cv-4039, 2014 WL 5639930 (S.D.N.Y. Nov. 4, 2014) ("*Attorneys' Fee Decision*"). For the reasons explained below, we *vacate* the district court's award of attorneys' fees as premature.

Kantar filed suit against TRA seeking declaratory judgment that it did not infringe U.S. Patent No. 7,729,940 ("the '940 Patent"), which is assigned to TRA. TRA counterclaimed, asserting: (1) infringement of the '940 Patent; (2) misappropriation of trade secrets; (3) aiding and abetting breach of fiduciary duty; and (4) breach of contract. TRA later amended its counterclaims to include allegations of infringement of two additional patents. Kantar moved for summary judgment on TRA's patent infringement and trade secret claims, and for no damages on TRA's non-patent counterclaims. The district court granted Kantar's motion "as to non-infringement, trade secrets, and non-patent damages." *TNS Media Research, LLC v. TRA Global, Inc.*, 984 F. Supp. 2d 205, 208 (S.D.N.Y. 2013).

On July 2, 2014, the parties stipulated to nominal damages of $1 for TRA's breach of contract and fiduciary duty claims, and expressly reserved the right to appeal therefrom. The parties then stipulated to the entry of final judgment. TRA appealed that judgment to this court, and the appeal was docketed as *TNS Media Re-*

*search, LLC v. TiVo Research & Analytics, Inc.*, No. 14-1668 ("the Substantive Appeal").

After the district court entered the stipulated judgment, Kantar moved for attorneys' fees pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, 35 U.S.C. § 285, and the court's inherent powers.  The district court granted Kantar's motion.  With respect to TRA's patent claims, the court found that the "'totality of the circumstances' dictates that TRA acted in an 'exceptional' manner throughout this litigation." *Attorneys' Fee Decision*, 2014 WL 5639930, at *8.  The court concluded, therefore, that Kantar was "entitled to its attorneys' fees and costs" with respect to TRA's patent claims under § 285. *Id.*  The court further found that TRA's remaining "five trade secret claims lacked any colorable basis and were brought in bad faith, thus satisfying the standard for an award of attorneys' fees under the Court's inherent power." *Id.* at *12.  The district court directed Kantar to submit a detailed request for fees and expenses recoverable pursuant to that order.  The parties thereafter stipulated to the amount of fees at issue, and TRA now appeals from the district court's final decision granting Kantar's motion for attorneys' fees.

In the Substantive Appeal—decided in a separate opinion issued contemporaneously herewith—we affirmed in part, but: (1) reversed the district court's ruling that TRA's financial projections and strategic plans are not protectable as a matter of law; (2) reversed the district court's decision to dismiss certain of TRA's trade secret claims; (3) reversed the district court's determination that TRA was entitled only to nominal damages on its non-patent claims; (4) reversed the district court's conclusion that TRA is not entitled to injunctive relief on its fiduciary duty claims as a matter of law; and (5) vacated the district court's decision that certain of Kantar's products do not infringe the asserted patent claims.  Although we agreed with some of the district court's rulings, we con-

cluded that TRA is entitled to a jury trial on at least a subset of its claims.

A decision awarding attorney fees to a prevailing party must be vacated when the underlying decision as to which that party prevailed is reversed. *See Baker Oil Tools, Inc. v. Geo Vann, Inc.*, 828 F.2d 1558, 1566 (Fed. Cir. 1987) ("In view of our reversal of the grant of summary judgment on these issues, the [attorney fee] award premised thereon is vacated."). Because we are reversing-in-part and vacating-in-part the underlying merits decision in the Substantive Appeal, we vacate the district court's decision awarding attorneys' fees as premature.

We need not address the parties' additional arguments in this appeal, and we express no opinion on the merits of the issues presented therein. In light of this decision, this appeal is removed from the court's October argument calendar.

## VACATED

### COSTS

Each party shall bear its own costs.